# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 582 | **DATE** | 3/27/2013 |
| **CASE TITLE** | OLUWASHINA KAZEEM AHMED Ar KHALIFA vs. F. RAMOS | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Al-Khalifa's Motion to Proceed *In Forma Pauperis* [4] is denied and Al-Khalifa's Complaint is dismissed . Al-Khalifa's Motion for Appointment of Counsel [3] is therefore denied as moot. Status set for 4/29/2013 is stricken. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

# STATEMENT

Plaintiff Oluwashina Kazeem Ahmed Al-Khalifa ("Al-Khalifa") brings this cause of action against F. Ramos ("Ramos"), an officer employed by the United States Immigration and Naturalization Service ("INS"), alleging that his due process rights were violated when he was deported from the United States in 2002. For the reasons stated herein, Al-Khalifa's Motions are denied.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Al-Khalifa to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Al-Khalifa need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* According to his financial affidavit, Al-Khalifa is not currently employed and has not been employed since July of 2006. Al-Khalifa's spouse is currently employed in North Carolina, but Al-Khalifa is unaware of the amount of her monthly salary or wages. Al-Khalifa does not own real estate or any additional items of personal property worth over $1,000, nor does he have more than $200 in cash in a checking or savings account. Zainab O. Ahmed does not live with Al-Khalifa but relies on him for support. Al-Khalifa does not state his relationship to Ahmed. Based on these facts, Al-Khalifa's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Al-Khalifa's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

W h e n

**STATEMENT**

evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6) motion, the Court treats all well-pleaded allegations as true and draws all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *See Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Al-Khalifa, also known as Mark Ayilla, is a Nigerian citizen who was arrested "after he obtained a fraudulent birth certificate and social security card from a known counterfeiter cooperating in a government sting operation. After his arrest, Ayilla falsely told agents interviewing him that he was a United States citizen, Ayilla subsequently waived indictment and pleaded guilty to producing a false identification document in violation of 18 U.S.C. § 1028(a)(1) and falsely representing himself as a United States citizen in violation of 18 U.S.C. § 911." *United States v. Ayilla*, 50 Fed. App'x. 309, at *1 (7th Cir. 2002). After pleading guilty, Al-Khalifa completed his term of imprisonment of five months and was subsequently deported to Nigeria. Now, over ten years after his deportation, Al-Khalifa alleges his constitutional rights were violated.

Over the past three months, Al-Khalifa has demonstrated a pattern of filing frivolous suits with this Court. Since December 21, 2012, Al-Khalifa has filed nine separate suits (counting this one) in this District seeking to proceed *in forma pauperis* and with appointed counsel. *Ahmed-Al-Khalifa v. Bromwich*, No. 13-cv-1386 (Darrah, J.) (filed 2/20/13); *Ahmed-Al-Khalifa v. Moro*, No. 13-cv-1381 (Marovich, J.) (filed 2/20/13); *Ahmed-Al-Khalifa v. Ecowas Court of Justices*, No. 13-cv-1380 (Durkin, J.) (filed 2/20/13); *Kazeem et al v. Ashcroft*, No. 13-cv-1377 (Gottschall, J.) (filed 2/20/13); *Ahmed-Al-Khalifa v. Court of Appeals for the 7th Circuit*, No. 13-cv-586 (St. Eve, J.) (filed 1/24/13); *Ahmed-Al-Khalifa v. Perryman*, No. 13-cv-583 (Darrah, J.) (filed 1/24/13); *Ahmed-Al-Khalifa v. Holder*, No. 12-cv-10339 (Leinenweber, J.) (filed 12/26/12); *Al-Khalifa v. Sunnyade*, No. 12-cv-10288 (Kendall, J.) (filed 12/21/12). Thus within just a few months, seven different United States District Court judges in this District have been tasked with attempting to decipher Al-Khalifa's lengthy and generally incomprehensible allegations to determine whether, even under a most charitable construction, his Complaints state a claim upon which relief may be granted. Despite the generous reading Complaints are afforded in cases where a plaintiff is proceeding *pro se*, not one of Al-Khalifa's claims has made it past the pleading stage. *See Ecowas*, No. 13-cv-1380 (dismissed for lack of subject matter jurisdiction); *Court of Appeals for the 7th Circuit*, No. 13-cv-586 (dismissed for failure to state a claim against a cognizable defendant); *Perryman*, No. 13-cv-583 (dismissed for failure to state a claim due to statute of limitations); *Sunnyade*, No. 12-cv-10288 (dismissed for lack of subject matter jurisdiction). Al-Khalifa's remaining applications have not yet been ruled upon. Al-Khalifa also filed a series of petitions for writs of *habeas corpus* shortly after his deportation. *See Ahmed v. Ashcroft*, No. 02-cv-2022; *United States v. Ahmed*, No. 02-cv-2518; *Ahmed v. Ashcroft*, No. 02-cv-2713;

**STATEMENT**

*Ahmed v. Perryman*, No. 02-cv-2768. These cases were dismissed upon the Court's notification that Al-Khalifa had been deported, in 2002, to Nigeria.

The Complaint in the instant case is virtually identical to Al-Khalifa's Complaint in *Perryman*, No. 13-cv-583. In that case, Al-Khalifa sought to sue Brian Perryman, an officer with the United States Immigration and Naturalization Service, alleging that his constitutional rights were violated when he was deported from the United States without proper due process. *See id.* The court in that case dismissed Al-Khalifa's Complaint, finding that "[n]othing in Plaintiff's Complaint against Perryman establishes his right to relief above a speculative level." *Id.* The court found that even if assuming Al-Khalifa could assert a claim, relief under § 1983 is barred by the statute of limitations governing Section 1983, which is two years in Illinois. *See id.* (citing *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001).

Al-Khalifa's Complaint in this case fares no better. Al-Khalifa alleges his due process rights were violated when he was deported from the United States without his previous case being conclusive. According to Al-Khalifa, his custody review was pending as of the date of his deportation. Most of Al-Khalifa's Complaint is dedicated to recounting his deportation experience and does not level a single specific allegation against Ramos, whom Al-Khalifa has chosen as the Defendant for this particular filing. The only reference to Ramos in the substantive portion of Al-Khalifa's Complaint is handwritten note stating "May 3, 2002, F. Ramos, DO, Fax 312-385-3401, Custody Review." (*See* Dkt. No. 1, p. 10.) According to Al-Khalifa, this note was written by Ramos affirming that Al-Khalifa would be given a custody review as of May 23, 2002. Al-Khalifa's constitutional claims against Ramos arise from his contention that he has yet to receive any information regarding custody review from Ramos.

This allegation fails to state a claim that plausibly entitles Al-Khalifa to relief. First, as noted in *Perryman*, Al-Khalifa's Section 1983 claim is barred by the statute of limitations, which is two years for a suit in Illinois. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects … looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations."); *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011) ("Federal law does not set the limitatiosn period in § 1983 actions. Instead, 42 U.S.C. § 1983(a) instructs us to look to state law. Specifically, we look to the limitations period for personal injury actions. In Illinois, that period is two years.") (internal citations omitted). Second, even assuming the Complaint were timely, the allegations in the Complaint fail to demonstrate that Al-Khalifa would be entitled to relief in this case. The handwritten note alleged to have been created by Ramos simply contains a date and a fax number. Without more, Al-Khalifa's Complaint fails to set forth sufficient facts demonstrating why Al-Khalifa is entitled to relief against Ramos. Third, it is doubtful whether this Court would be able to exercise personal jurisdiction over the defendant since neither party nor the allegations giving rise to this case have any connection to the Northern District of Illinois. Fourth, the Court finds this suit, like Al-Khalifa's previous filings, frivolous, duplicative, and a waste of valuable judicial resources. Just a month ago, another district court dismissed near-identical allegations against a different individual. *See Perryman*, No. 13-cv-583.

For the reasons stated, Al-Khalifa's Motion to Proceed *In Forma Pauperis* is denied and Al-Khalifa's Complaint is dismissed. Al-Khalifa's Motion for Appointment of Counsel is therefore denied as moot.